I respectfully dissent from the majority decision to affirm the Deputy Commissioner's Opinion and Award in this case.
The majority reached its decision based upon a determination that plaintiff's claim of an injury by accident sustained while at work was not credible. The undersigned maintains that there is sufficient evidence presented to support plaintiff's claim and award benefits under the Act.
Plaintiff alleges that on 11 October 2000, she slipped in oil on the floor of her work station and injured her knee. There is no dispute among either her co-workers or the management of defendant-employer, including the owner of the business, that there was regularly oil from the machines on the floor of the work place. The owner of defendant-employer, Larry Honeycutt, went so far as to testify that "you could slip in oil. You know, anyone could."
The majority makes a point of the fact that plaintiff's injury was unnoticed by her co-workers and that plaintiff made no attempt to discuss her injury with anyone on her shift. However, when taking into account that there are only two co-workers on plaintiff's shift, that they are a married couple who have admittedly little interaction with plaintiff and that neither was in plaintiff's work area at the time of the incident, the undersigned does not believe the lack of discussion on plaintiff's part demonstrates her untruthfulness.
The majority notes that although plaintiff spoke to her supervisor, Darrell London twice on the day following the incident, she did not report a work-related injury to him. However, Mr. London's own testimony is that when he spoke to plaintiff she stated that she "had hurt her knee or was seeking medical attention for her knee." While plaintiff did not specifically state that she had injured herself at work, plaintiff's statement is consistent with her allegation of a work-related injury and should be considered sufficient to support her version of the facts.
The majority also focuses on the fact that plaintiff did not seek medical attention until 14 October 2000. This is explained by plaintiff as the result of not having her own transportation and relying on a friend with a borrowed car to take her to the hospital. There is no testimony to refute this, and plaintiff's version of the situation was supported by the testimony of the friend who ultimately transported her to the hospital.
The majority also relies on the medical records from plaintiff's first visit to the emergency room on 14 October 2000, to establish plaintiff's lack of credibility. The medical records state under the section "Context," that plaintiff "slipped on oil several times dr [sic] last year. No distinct injury. Much worse in past week." A space marked "twisted" is checked. The majority appears to rely on this statement to suggest that plaintiff's knee problems were pre-existing, and there was no incident on 11 October. However, on the second page of the report under "Chief Complaint," the record states that plaintiff had "knee pain since 10/10, stated she slipped in oil @ work twisted knee." This statement corroborates plaintiff's version of the incident and should be considered as sufficient support for plaintiff's claim.
The undersigned believes there is sufficient evidence to support plaintiff's claim of a work-related injury which occurred on 11 October 2000. Accordingly, I vote to reverse the Opinion and Award of the Deputy Commissioner and award benefits.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER